IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
SEP 1 1 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SCIPIO GLOBAL DEVELOPMENT, LLC | § § § § | |
| Plaintiff, | | |
| v. | § § § § § | Civil Action B-07-85 |
| LARRY BERTSCH, | | |
| Defendant. | | |

## OPINION & ORDER

BE IT REMEMBERED that on September _10_, 2007 the Court **DENIED** Plaintiff's Motion for Leave to File a Late Response, Dkt. No. 14.

### I.   Background

Plaintiff filed suit in Texas State Court in April 2007. Dkt. No. 1, Ex. 3 at 1. Defendant then removed the case to federal court in June 2007 based on diversity jurisdiction, 28 U.S.C. § 1332. Dkt. No. 1, at 2. That same month, Defendant filed motions to dismiss the instant action, Dkt. Nos. 4, 5. Plaintiff did not respond to the motions. However, Plaintiff did file an amended complaint with the Court in August 2007. Dkt. No. 8.

Plaintiff seeks leave to file responses to those motions as Plaintiff was unaware of Defendant's filings. Dkt. No. 14. Plaintiff's counsel asserts that missing the deadlines was inadvertent and states that he was "actively attempting to get admitted *pro hac vice* to practice in the Federal Court for the Southern District of Texas." *Id.* at 3.

## II. Standard for Granting Leave to File Late Response

Pursuant to Federal Rule of Civil Procedure 6(b), this Court may in its discretion "upon motion made after the expiration of the specified period permit [a late filing] where the failure to act was the result of excusable neglect." The Supreme Court established four factors for the determination of excusable neglect: (1) danger of prejudice to the non-movant, (2) delay and impact on the proceedings, (3) justification for the delay and whether the movant could have reasonably avoided the delay, and (4) whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). "[A] busy practice does not establish excusable neglect." Geiserman v. MacDonald, 893 F.2d 787, 793 n.10 (5th Cir. 1990) (quoting McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981)). Moreover, the Fifth Circuit has implied in a non-published opinion that difficulty in obtaining admission to the local bar to facilitate representation in the instant case may also not establish excusable neglect. Draper v. KK Ford, LP, 196 Fed. Appx. 264, 266, 266 n.9 (5th Cir. 2006).

Plaintiff's counsel asserts "filing and calendaring mistakes" as well as efforts to obtain admittance *pro hac vice* to appear before this Court as explanations for missing the deadlines. Dkt. No. 14, at 3. However, Defendant's motions to dismiss were filed on June 25, 2007. Dkt. Nos. 4, 5. Subsequently, Plaintiff's filing deadline was July 16, 2007. Plaintiff's counsel did not file the motion to appear *pro hac vice* until August 13, 2007. Dkt. No. 9. Moreover, the Court granted Plaintiff's motion just two days later. Dkt. No. 12. The Court will not consider moving to appear *pro hac vice* as a contributing factor to the missed deadline. See Geiserman, 893 F.2d at 793 (holding that the unexpected passing of counsel's father did not establish excusable neglect as the passing occurred past the deadline to respond to the opposition's motion).

Plaintiff's counsel offers nothing else for the Court to consider in determining whether counsel established *excusable* neglect. Counsel's dependence on *C&G Boats, Inc. v. Tx. Ohio Services, Inc.*, 164 F.R.D. 57 (E.D. La. 1995), is misplaced. The court in that case permitted late filing due to the moving party's "mistake or inadvertent oversight." *Id.* at 58. However, in that case, the court was facing a Rule 55(c) motion to set aside a default judgment. *Id.* In considering that motion, the court used a different burden and set

aside the default judgment where the moving party showed "good cause." *Id.* (citing CJC Holdings, Inc. v. Wright & Lato Inc. 979 F.2d 60, 64 (5th Cir. 1992)). The court looked to whether the default was *willful*. *CJC Holdings, Inc.*, 979 F.2d at 64.

In the instant motion, the Court faces a different burden. Plaintiff must show that the missed deadline was due to excusable neglect. FED. R. CIV. P. 6(b). Simply asserting that the mistake was not willful does not establish excusable neglect. *See Geiserman*, 893 F.2d at 793; *McLaughlin*, 662 F.2d at 1387. Therefore, the Court finds that Plaintiff did not prove excusable neglect.

### III. Conclusion

WHEREFORE, the Court **DENIES** Plaintiff's Motion for Leave to File a Late Response, Dkt. No. 14.

DONE at Brownsville, Texas, this 10th day of September, 2007.

_____
Hilda G. Tagle
United States District Judge