IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 3 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SCIPIO GLOBAL DEVELOPMENT, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION B-07-85 |
| LARRY BERTSCH, | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on October 22, 2007 the Court **DENIED** Defendant's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 4, and Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, Dkt. No. 5. The Court considered Defendant's Motions, Dkt. Nos. 4, 5, as well as Plaintiff's First Amended Complaint, Dkt. No. 8, Defendant's Motion to Rule on Unopposed 12(b) Motions to Dismiss, Dkt. No. 13, Plaintiff's Brief in Opposition to Defendant's Motion for Default Judgment, Dkt. No. 14, and Defendant's Reply to Plaintiff's Brief, Dkt. No. 17.

**I.   Background**

Plaintiff filed suit in Texas State Court in April 2007. Dkt. No. 1, Ex. 3 at 1. Defendant then removed the case to federal court in June 2007. Dkt. No. 1, at 2. That same month, Defendant filed Rule 12 motions to dismiss the instant action, Dkt. Nos. 4, 5. Defendant did not file an answer to the complaint. Plaintiff did not respond to the motions. However, Plaintiff did file an amended complaint with the Court in August 2007. Dkt. No. 8.

Both of Defendant's motions to dismiss concern in which capacity Plaintiff sued Defendant. See Dkt. No. 4, at 4, 6; Dkt. No. 5, at 3. Plaintiff admits that the original

complaint filed in state court sued Defendant in his individual capacity. See Dkt. No. 14, at 6. However, Plaintiff asserts that the "drafting error" was corrected in the amended complaint and that Plaintiff now sues Defendant in his official capacity as receiver for Vencenza LLC. *Id.* Defendant maintains that the amended complaint still only sues Defendant in his individual capacity. Dkt. No. 17, at 3.

## II.   Amended Complaint

The Court may properly consider Plaintiff's amended complaint, Dkt. No. 8. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). A Rule 12 motion to dismiss is not a responsive pleading. Caine v. Hardy, 943 F.2d 1406, 1420 (5th Cir. 1991). Therefore, because Defendant did not file an answer to the original complaint, Plaintiff could properly file an amended complaint. *Id.* See also Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989).

While the original complaint sued Defendant in his individual capacity, the amended complaint sues Defendant as receiver for Vencenza LLC. See Dkt. No. 8. The amended complaint alleges on the first page that "Larry Bertsch, *court-appointed receiver and seller of the property*, breached material terms in the contract." *Id.* at 1 (emphasis added). Moreover, in section B. Parties, the amended complaint lists Defendant as, "Larry Bertsch, *Receiver for Vencenza LLC.*" *Id.* at 2 (emphasis added). These two examples are changes from the original complaint where Plaintiff just identified Defendant as the "seller of the property" and sued Defendant as "an individual." Dkt. No. 1, Ex. 2 at 1. Nonetheless, Defendant maintains that the amended complaint still only sues him in his individual capacity. Dkt. No. 13 at 3 ("[Plaintiff's] Amended Complaint continues to seek redress of its alleged injuries from [Defendant] as an individual, not in his capacity as the court-appointed receiver for Vencenza, LLC."); Dkt. No. 17, at 3 ("Both the Amended Complaint and the Summons contain the style citing 'Larry Bertsch, Defendant' as the only named defendant.").

The Court refuses to adopt Defendant's analysis and narrowly construe the styling of the amended complaint. It is clear that substantively in the amended complaint Plaintiff

sued Defendant in his capacity as receiver for Vencenza, LLC. Dkt. No. 8, at 1-3. In determining the capacity in which Plaintiff sued Defendant, this Court looks to the whole complaint and the course of the proceedings. *See* Ky. v. Graham, 473 U.S. 159, 167 n.14 (1985); Waket v. Montgomery Co., 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007); Dillon v. Jefferson Co. Sheriff's Dept., 973 F. Supp. 628, 631, 631 n.5 (E.D. Tex. 1997). Defendant argues that *Graham* and *Waket* are distinguishable because they involve § 1983 cases and determinations of qualified immunity. Dkt. No. 17, at 4. Defendant's argument is unpersuasive. The interests of justice would not be served would this Court look only to the style of the case to determine in which capacity Defendant was sued where, albeit in other situations, the Supreme Court affords courts a broader inquiry. *See Graham*, 473 U.S. at 167 n.14. Essentially, Plaintiff refers to Defendant's conduct as receiver for a Vencenza, LLC and clearly states that Plaintiff is suing Defendant as the receiver for Vencenza, LLC. Dkt. No. 8, at 1-3. Therefore, this Court holds that Plaintiff sued Defendant not in his individual capacity, but at receiver for Vencenza, LLC.

### III.     Rule 12(b)(2)

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv n' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)). The party seeking to invoke jurisdiction need only make a prima facie showing of personal jurisdiction over the defendant. *Id.* Moreover, the court must resolve all disputed facts in favor of jurisdiction. *Id.*; Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 380 (5th Cir. 2003).

Jurisdiction arises in three circumstances: (1) where the defendant has "continuous and systematic general business contacts" with the forum state the court may have general jurisdiction, *id.* (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)); (2) where the suit "is related to or 'arises out of' a defendant's contacts with the forum," *Helicopteros Nacionales de Colombia, S.A.*, 366 U.S. at 414; and (3) where the defendant is served in the forum state the court has personal jurisdiction. *Luv n' care, Ltd.*, 438 F.3d at 469. Essentially, where Defendant has sufficient minimum contacts with the

forum state and jurisdiction would not offend "traditional notions of fair play and substantial justice" this Court may exercise jurisdiction. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Moncrief Oil Intern. Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007).

This Court has specific personal jurisdiction over Defendant in his capacity as receiver for Vencenza, LLC. "A single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted." *Moncreif Oil Intern. Inc.*, 481 F.3d at 311. Specific personal jurisdiction requires a three-step analysis:

> "(1) whether the defendant . . . purposefully directed [his] activities toward the forum state or purposefully availed [him]self of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."

*Luv n' care, Ltd.*, 438 F.3d at 469 (quoting Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374, 378 (5th Cir. 2002)). This claim arises from a land contract negotiated and signed in Nevada; however, the contract concerned land in Texas, the contract required that Defendant run public notices in two Texas newspapers, and the alleged breach occurred because Defendant failed to run those notices in Texas as required by the contract. Dkt. No. 8, at 2-5.

The amended complaint met the first two requirements for specific personal jurisdiction over Defendant. Plaintiff demonstrated that Defendant, as receiver for Vencenza, LLC, purposefully directed his activities toward Texas and that the cause of action was based on the breach of a contract concerning Texas land. This Court further finds that the exercise of jurisdiction over Defendant would not offend "traditional notions of fair play or substantial justice." In making this determination, the Court considered Defendant's burden and inconvenience; Plaintiff's interest in a remedy; the interests of justice, efficiency, and comity; as well as Texas' interests in providing redress for Texas citizens and Texas land. Kennedy Ship & Repair, L.P. v. Loc Tran, 256 F. Supp. 2d 678, 684-84 (S.D. Tex. 2003). While Defendant would suffer inconvenience with this Court's exercise of jurisdiction, the other factors outweigh that consideration. The contract at issue concerned Texas land, the land was sold to Texas citizens, and the alleged breach

occurred because Defendant failed to perform required tasks in Texas. Therefore, this Court **DENIES** Defendant's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. No. 4.

## IV.   Rule 12(b)(6)

Defendant bases his Rule 12(b)(6) motion to dismiss on the fact that Plaintiff sued Defendant in the wrong capacity. Dkt. No. 5, at 2 ("The sole issue in this motion is whether Scipio may assert a claim against [Defendant] in his individual capacity for damages allegedly resulting from the breach of [c]ontract."). However, as resolved above, Plaintiff corrected the drafting error and in the amended complaint sued Defendant in his capacity as receiver for Vencenza, LLC. Therefore, the 12(b)(6) motion is moot.

## V.    Conclusion

WHEREFORE, the Court **DENIES** Defendant's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 4, and Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, Dkt. No. 5.

DONE at Brownsville, Texas, this 22th day of October, 2007.

_____
Hilda G. Tagle
United States District Judge